UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ESTATE OF JASON JERRY OWENS,**
                                               Plaintiff,

Vs.                                                              Case No: 3:12-cv-107

**GEO GROUP, INC.,** dba **GRACEVILLE CORRECTIONAL FACILITY;**
**MARK HENRY,** Warden of Graceville Correctional Facility; **TONY STEWART**, Chief of Security, Graceville Correctional Facility; Instructor **GREG DAVIS** in his individual and official capacity; Correctional Officer **JESSIE E. STRICKLAND** in his Individual and official capacity; and other yet to be identified Correctional Officers and Staff of the Graceville Correctional Facility,
                                             Defendants.
_____/

## COMPLAINT

Plaintiff, the **Estate of Jason Owens**, by and through his undersigned counsel, sues Defendants, **Geo Group**, **Inc.** dba as **Graceville Correctional Facility; Mark Henry,** Warden of the Graceville Correctional Facility, in both his individual and official capacities; **Tony Stewart**, Chief of Security of the Graceville Correctional Facility, in both his individual and official capacities; Instructor **Greg Davis** in both his individual and official capacities; Correctional Officer **Jessie E. Strickland** in both his individual and official capacities, and alleges as follows:

### PARTIES

1.      This is a civil action seeking damages against the Defendant for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of

the United States and the State of Florida for being deliberately and negligently indifferent to the safety and welfare of Jason Owens who was an inmate at the Graceville Correctional Facility in Jackson County, Florida.  The court has jurisdiction of this action under *42 U.S.C. § 1983* and *28 U.S.C. § 1343*.

2. The court also has jurisdiction under 28 U.S.C. § 1331.

3. All of the events giving rise to this cause of action occurred in Jackson County, Florida.

4. This is an action in which the Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

5. Attorney's fees and costs in all civil rights claims are authorized in accordance with 42 U.S.C. § 1988.

6. The Plaintiff is the Estate and wrongful death beneficiaries of Jason Owens (hereinafter "Plaintiffs") who was an inmate housed at the Graceville Correctional Facility in Jackson County, Florida.

7. Defendant, Geo Group, Inc. (hereinafter "Geo") was an incorporated business entity under the laws of the State of Florida and operated the Graceville Correctional Facility under a contract with the State of Florida and the Florida Department of Corrections to house inmates that had been committed to the Florida Department of Corrections by the courts of the State of Florida.

8. Defendant Warden Mark Henry (hereinafter "Warden") was the Warden of the Graceville Correctional Facility at the time of the incident giving rise to this cause of action. Warden had the duty and responsibility to operate the Graceville Correctional Facility pursuant to nationally accepted correctional standards which would insure the safety and wellbeing of the

inmates, including the Plaintiff, who had been committed to his custody and control by the Florida Department of Corrections. The Warden is sued in both his individual and official capacities.

9. Defendant Tony Stewart (hereinafter "Stewart") was the Chief of Security of the Graceville Correctional Facility at the time of the incident giving rise to this cause of action. Stewart had the duty and responsibility for security of the Graceville Correctional Facility pursuant to nationally accepted correctional standards which would insure the safety and wellbeing of the inmates, including the Plaintiff, who had been committed to his custody and control by the Florida Department of Corrections. The Stewart is sued in both his individual and official capacities.

10. Defendant Greg Davis (hereinafter "Davis") was an instructor at the Graceville Correctional Facility and had supervisory control to include insuring the safety and wellbeing of the Plaintiff at the time of the incident giving rise to this cause of action. Davis is sued in both his individual and official capacities.

11. Defendant Jessie E. Strickland (hereinafter "Strickland") was a correctional officer at the Graceville Correctional Facility and had the duty to insure the safety and wellbeing of the Plaintiff at the time of the incident giving rise to this cause of action. Strickland is sued in both his individual and official capacities.

12. At all times material to this Complaint, the Defendants acted under color of the statutes, customs, policies, and usage of the State of Florida and the Florida Department of Corrections.

13. The Plaintiff timely filed a Notice of Claim pursuant to Section 768.28, *Florida Statutes*, prior to the filing of this complaint.

## FACTS

14. The Plaintiff was an inmate incarcerated at the Graceville Correctional Facility on March 10th, 2010.

15. On March 10th, 2010 the Plaintiff was participating in a horticulture class for inmates being conducted by Davis within the Graceville Correctional Facility (hereinafter "facility").

16. Inmates participating in the horticulture class had access to dangerous gardening tools and other dangerous instrumentalities.

17. All of the Defendants knew or should have known that access by inmates to the tools or other instrumentalities created a real and present threat to the safety of other inmates.

18. On March 10th, 2010, there were more than ten (10) inmates in the horticulture class including the Plaintiff and Inmate Jason Ridge.

19. Davis walked out of the horticulture class and in violation of professional standards left the inmates within the classroom, unsupervised.

20. Davis failed to insure that the security of the inmates within the horticulture class would be maintained during his absence from the classroom.

21. Strickland was on duty in the area of the classroom where the horticulture class was being conducted by Davis.

22. Strickland knew that Davis was leaving the class and that the inmates within the class were unsupervised.

23. Strickland failed to take necessary action to ensure the safety and wellbeing of the inmates that were located in the horticulture class after he was aware that the inmates were unsupervised.

24. On March 10th, 2010, the Plaintiff was assaulted in the horticulture classroom by inmate Jason Ridge (hereinafter "Ridge") with a rock or concrete block after Davis left the classroom.

25. Ridge obtained the rock or concrete block in, or around, the classroom after Davis left the class.

26. After Davis left the class unattended, Ridge stuck the Plaintiff in the head with the rock or concrete block multiple times.

27. The Plaintiff was attacked by Ridge from behind.

28. The Plaintiff had not committed any acts directed at Ridge which would have provoked the attack.

29. As a result of the attack by Ridge, the Plaintiff suffered injuries which resulted in Plaintiff's death on March 12th, 2010.

30. At the time of this incident, Ridge should have been administratively confined and/or separated from the general population of inmates as a result of a reported and/or suspected attack on another inmate with a horticulture tool by Ridge on March 9th, 2010, the day before Plaintiff was attacked.

31. The attack the day before Plaintiff was assaulted resulted in the hospitalization of the inmate that had been attacked by Ridge.

32. All of the defendants knew or should have known of the incident which had occurred on March 9th, 2010 involving Ridge and the hospitalized inmate, but defendants failed to take action after the incident to protect other inmates from Ridge.

## Count I
### (Federal Civil Rights Claim)
### (Eighth Amendment – Deliberate Indifference)

33. Paragraphs six through thirty-two (6-32) above are hereby incorporated into and made a part of this Count.

34. Prior to March 10th, 2010 Geo, Warden and Stewart, singularly and in concert, knew of other incidents committed by staff or other inmates that affected the safety and wellbeing of inmates entrusted to their care and control.

35. Geo, Warden and Stewart, singularly and in concert, failed to take action to ensure that the conditions of confinement within the Graceville Correctional Facility provided for the safety and wellbeing of inmates confined at the facility.

36. Geo, Warden and Stewart, singularly and in concert, permitted violent and non-violent inmates to be in close proximity to each other without regard for the safety of the non-violent inmates.

37. All of the Defendants were aware that inmates attending the horticulture class within the facility had access to dangerous tools and dangerous instrumentalities.

38. Geo, Warden and Stewart, singularly and in concert, failed to adequately investigate the incident on March 9th, 2010 wherein Ridge had assaulted another inmate with a tool available to the inmates participating in the horticulture class.

39. As a result of the inadequate investigation by Geo, Warden and Stewart, Ridge was not confined on March 9th, 2010 and continued to pose a serious and foreseeable risk to other inmates.

40. Geo, Warden and Stewart, singularly and in concert, failed to adequately supervise, train or discipline correctional employees under their control which created the circumstances leading to the death of the Plaintiff.

41. Davis was aware that inmates in his horticulture class had access to dangerous tools and dangerous instrumentalities.

42. Davis was aware that instrumentalities were present in his class room which could be used to seriously injure other inmates participating in the class.

43. Davis knew or should have known that Ridge was involved in an incident on March 9th, 2010 in which an inmate participating in the horticulture class was seriously injured with a tool used in the horticulture program.

44. On March 10th, 2010 Davis left his classroom unsupervised and without security which resulted in the Plaintiff being attacked by Ridge.

45. On March 10th, 2010, Strickland knew that Davis had left his classroom unsupervised and without security but failed to take action to ensure the safety and wellbeing of the Plaintiff and other inmates left unsupervised within the classroom.

46. The actions of each of the Defendants, singularly and in concert, created a substantial risk of serious harm to the safety and wellbeing of the Plaintiff and other inmates at the facility.

47. The actions of each of the Defendants constituted a deliberate indifference to the safety and wellbeing of the Plaintiff and other inmates at the facility.

48. The deliberate indifference by each of the Defendants resulted in the Plaintiff's death.

**WHEREFORE**, Plaintiff demands judgment against each of the Defendants for compensatory damages together with interest plus attorney's fees and costs and further demands judgment against Warden, Stewart, Davis, and Strickland for punitive damages, together with attorney's fees plus the costs of this action and such other relief as the court deems just and equitable.

## Count II
### (Federal Civil Rights Claim)
### (Fourteenth Amendment – Substantive Due Process)
### (Liberty Interest)

49. Paragraphs six through thirty-two (6-32) above are hereby incorporated into and made a part of this Count.

50. Paragraphs thirty-three through forty-eight (33-48) above are hereby incorporated into, and made a part of this Count.

51. The Defendants knew or should have known that their failure to protect the Plaintiff from the risk of serious harm would result in death or serious bodily injury.

52. The defendants acting individually and together, under color of law, engaged in a course of conduct which caused the pain, suffering, injuries and death of Jason Jerry Owens.

53. The actions by each of the Defendants, singularly and in concert, deprived the Plaintiff of a protected liberty interest in the right to life, the right to be free from the excessive use of force, the right to be free from deprivations of life and liberty that occur without due process of law, the right to family relationships, and the right to raise children.

**WHEREFORE**, Plaintiff demands judgment against each of the Defendants for compensatory damages together with interest plus attorney's fees and costs and further demands judgment against Warden, Davis, Stewart, and Strickland for punitive damages, together with

attorney's fees plus the costs of this action and such other relief as the court deems just and equitable.

### Count III
### Wrongful Death
### (Pendant State Law Claim)

54. Plaintiffs re-allege and incorporate the preceding paragraphs.

55. The defendants' actions and inactions caused the pain, suffering, injuries, and wrongful death of Jason Jerry Owens, and constituted negligence, gross negligence, and intentional torts, all in violation of the statutory and common law of the State of Florida, and actionable under Florida's "Wrongful Death Act", F.S. §769.16, et seq.. Plaintiff Gayle Ballard brings this cause of action in her capacity of the decedent's personal representative on behalf of all other survivors as defined by statute. Said personal representative and survivors request the award of all available remedies under Florida Law.

**WHEREFORE**, Plaintiff demands judgment against each of the Defendants for compensatory damages together with interest plus attorney's fees and costs and further demands judgment against Warden, Stewart, Davis, and Strickland for punitive damages, together with attorney's fees plus the costs of this action and such other relief as the court deems just and equitable.

### Count IV
### Negligence
### (Pendant State Law Claim)

56. Plaintiffs re-allege and incorporate the preceding paragraphs.

57. GEO and the Graceville Correctional Facility owed a duty to Jason Jerry Owens to use reasonable and customary skill, efforts or care to protect him from harm, injury, and death while in their custody. The Defendants' breach of that duty caused the injury and death of Jason

Jerry Owens. As a direct and proximate result of the Defendants' negligent conduct, Jason Jerry Owens and the Plaintiffs were injured and damaged, as alleged herein.

**WHEREFORE**, Plaintiff demands judgment against each of the Defendants for compensatory damages together with interest plus attorney's fees and costs and further demands judgment against Warden, Stewart, Davis, and Strickland for punitive damages, together with attorney's fees plus the costs of this action and such other relief as the court deems just and equitable.

### Count V
### Gross Negligence
### (Pendant State Law Claim)

58. Plaintiffs re-allege and incorporate the preceding paragraphs.

59. Plaintiff charges that Defendants acted in a willful and wanton fashion with malice and/or gross negligence and/or reckless disregard to the life and safety of Jason Jerry Owens evidencing the required mental state sufficient to subject them to punitive damages under the laws of Florida.

60. The Defendant's actions were the actual and proximate cause of the injuries to the Decedent. The actions of the Defendants as described in this Complaint, singly, or in conjunction with one another, rise to the level of intentional willful and wanton conduct which will subject them to punitive damages under the laws of Florida.

**WHEREFORE**, Plaintiff demands judgment against each of the Defendants for compensatory damages together with interest plus attorney's fees and costs and further demands judgment against Warden, Stewart, Davis, and Strickland for punitive damages, together with attorney's fees plus the costs of this action and such other relief as the court deems just and equitable.

### Count VI:
### Negligent Training, Supervision and Discipline by GEO and the Graceville Correctional Facility
### (Pendant State Law Claim)

61. Plaintiffs re-allege and incorporate the preceding paragraphs.

62. The Graceville Correctional Facility established customs, policies and practices which directly and proximately caused the deprivation of the Decedent's legal and constitutional rights as alleged herein. By operating said facility, GEO is legally responsible for those deprivations. These policies created unconstitutional conditions of confinement. These policies, customs and practices include, but are not limited to, the following:

    a. inadequate and improper training, supervision and discipline of Graceville corrections officers.

    b. inadequate and improper procedures and practices in screening, hiring, training, supervising and disciplining officers and staff, including Defendants Davis and Strickland, and other officers and staff, who practiced, condoned or failed to implement and effect appropriate policy and procedure at the Graceville Correctional Facility.

    c. inadequate and improper procedures, policies and practices for investigating improper and/or illegal activities, including, but not limited to, acts of violence by inmates on other inmates and lack of administrative confinement thereof by the Graceville Correctional Facility or Graceville Correctional Facility correctional officers or staff.

    d. inadequate or improper procedures, policies and practices for identifying and taking appropriate action against Graceville Correctional Facility correctional officers or staff who are in need of retraining, corrective measures, reassignment, or other

non-disciplinary actions, through a positive or early warning system designed to prevent the violation of inmates' rights.

  e. condoning or allowing Graceville Correctional Facility's administrators, correctional officers, or staff to improperly classify inmates so as to mix inmates of classifications that would, by an proper standard, not be placed together.

  f. failing to protect Graceville Correctional Facility resident Jason Jerry Owens from harm.

  g. failing to prevent incidents of violence about which Graceville Correctional Facility administration or employees had reasonable warning.

**WHEREFORE**, Plaintiff demands judgment against each of the Defendants for compensatory damages together with interest plus attorney's fees and costs and further demands judgment against Warden, Stewart, Davis, and Strickland for punitive damages, together with attorney's fees plus the costs of this action and such other relief as the court deems just and equitable.

Done this 8th day of March, 2012 in Pensacola, Escambia County, Florida.

    Respectfully submitted,

    ON BEHALF OF THE ESTATE OF
    JASON JERRY OWENS


    /s/ *Eric D. Stevenson*_____
    Eric D. Stevenson
    Eric D. Stevenson, P.A.
    919 North 12th Avenue
    Pensacola, FL 32501
    850 434-3111
    Fla. Bar No: 144495
    Attorneys for the Plaintiffs